**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| The States of Arizona; Arkansas; Connecticut; Florida; Indiana; Iowa; Kansas; Kentucky; Louisiana; Michigan; Minnesota; Nebraska; North Carolina; Tennessee; West Virginia; and Wisconsin, <br><br>            Plaintiffs; <br><br> vs. <br><br> Medical Informatics Engineering, Inc. d/b/a Enterprise Health, LLC and K&L Holdings, and NoMoreClipboard, LLC, <br><br>            Defendants. | Case No.:3:18-cv-969-RLM-MGG |

## CONSENT JUDGMENT AND ORDER

This Consent Judgment and Order ("Consent Judgment" or "Order") is entered into between plaintiffs, the States of Arizona, Arkansas, Connecticut, Florida, Indiana, Iowa, Kansas, Kentucky, Louisiana, Michigan, Minnesota, Nebraska, North Carolina, Tennessee, West Virginia, and Wisconsin (collectively, "Plaintiffs" or the "States"); and defendants Medical Informatics Engineering, Inc., and NoMoreClipboard, LLC, including all of their subsidiaries, affiliates, agents, representatives, employees, successors, and assigns (collectively, "Defendants" and, together with the States, the "Parties").

This Order resolves the Plaintiffs' investigation and litigation of the events described in the previously-filed Complaint in this action regarding Defendants' compliance with the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936, as amended by the Health Information Technology for Economic and Clinical Health Act, Pub. L.

1

No. 111-5, 123 Stat. 226 ("HIPAA"); state deceptive trade practices acts; state personal

information protection acts ("PIPAs"); and state breach notification acts (collectively, the

"Relevant Laws"), as follows:

| State | Deceptive Acts | Data Breach | PIPA |
|---|---|---|---|
| Arizona: | Ariz. Rev. Stat. § 44-1521 *et seq.* | | |
| Arkansas: | Ark. Code § 4-88-101 *et seq.* | Ark. Code § 4-110-105 | Ark. Code § 4-110-101 *et seq.* |
| Connecticut: | Conn. Gen. Stat. § 42-110b, *et seq.* | Conn. Gen. Stat. § 36a-701b | Conn. Gen. Stat. § 42-471 |
| Florida: | Chapter 501, Part II, Florida Statutes | Section 501.171, Florida Statutes | Section 501.171, Florida Statutes |
| Indiana: | Ind. Code §§ 24-5-0.5-4(C), and 24-5-0.5-4(G) | | Ind. Code § 24-4.9-3-3.5(f) |
| Iowa: | Iowa Code § 714.16 | Iowa Code § 715c.2 | |
| Kansas: | Kan. Stat. §§ 50-632, and 50-636 | Kan. Stat. § 50-7a02 | Kan. Stat. § 50-6139b |
| Kentucky: | Ky. Rev. Stat. §§ 367.110-.300, and 367.990 | | |
| Louisiana: | La. Rev. Stat. § 51:1401 et seq. | La. Rev. Stat. 51:3071 et seq. | |
| Michigan: | Mich. Comp. Laws § 445.901 *et seq.* | Mich. Comp. Laws § 445.72(13) | |
| Minnesota: | Minn. Stat. §§ 325D.43 *et seq.*; Minn. Stat. §§ 325F.68 *et seq.* | Minn. Stat. § 325E.61 | |
| Nebraska: | Neb. Rev. Stat. §§ 59-1602; 59-1608, 59-1614, and 87-301 | Neb. Rev. Stat. § 87-806 | |
| North Carolina | N.C. Gen. Stat. § 75-1.1, *et seq.* | N.C. Gen. Stat. § 75-65 | N.C. Gen. Stat. § 75-60, *et seq.* |
| Tennessee: | Tenn. Code § 47-18-101 et seq. | Tenn. Code Ann. § 47-18-2107 | Tenn. Code §§ 47-18-2110 |
| West Virginia | W.Va. Code §§ 46A-1-101 *et seq.*, 46A-7-108, and 46A-7-111 | | |

| Wisconsin: | Wis. Stat. §§ 93.20, 100.18, and 100.26 | Wis. Stat. § 134.98 | Wis. Stat. §§ 146.82 and 146.84(2)(b) |
| --- | --- | --- | --- |

## I.  THE PARTIES

1.      Plaintiffs are charged with, among other things, enforcement of the Relevant Laws of their respective States.   Plaintiffs, pursuant to 42 U.S.C. § 1320d-5(d), may also enforce HIPAA.

2.      Defendant Medical Informatics Engineering, Inc. ("MIE") is a domestic corporation with headquarters located at 6302 Constitution Drive, Fort Wayne, Indiana, 46804.

3.      Defendant NoMoreClipboard, LLC ("NMC") is a wholly-owned subsidiary of Medical Informatics Engineering, Inc., headquartered at 6312 Constitution Drive, Fort Wayne, Indiana, 46804.

## II.  JURISDICTION

4.      The Court has jurisdiction over the subject matter and over the Parties for the purpose of entering into this Consent Judgment.  The Court retains jurisdiction for the purpose of enabling the Parties to apply to the Court at any time for such further orders and relief as may be necessary for the construction, modification, enforcement, execution or satisfaction of this Consent Judgment.

5.      At all times relevant to this matter, Defendants were engaged in trade and commerce affecting consumers in the States insofar as Defendants provided electronic health records services to health care providers in the States.  Defendants also maintained a website for patients and client health care providers located in the States.

### III.   FINDINGS

6.     The States allege that Defendants engaged in conduct in violation of the Relevant Laws set forth above, which the Defendants deny.

7.     The Court has reviewed the terms of this Consent Judgment and based upon the Parties' agreement and for good cause shown

**IT IS HEREBY ORDERED, ADJUDGED AND AGREED AS FOLLOWS:**

### IV.   EFFECTIVE DATE

8.     This Consent Judgment shall be effective on the date it is entered by the Court.

### V.   DEFINITIONS

9.     "Administrative Safeguards" shall be defined in accordance with 45 C.F.R. § 164.304 and are administrative actions, and policies and procedures, to manage the selection, development, implementation, and maintenance of security measures to protect Electronic Protected Health Information and to manage the conduct of the covered entity's or business associate's workforce in relation to the protection of that information.

10.     "Business Associate" shall be defined in accordance with 45 C.F.R. § 160.103 and is a person or entity that provides certain services to or performs functions on behalf of covered entities, or other business associates of covered entities, that require access to Protected Health Information.

11.     "Covered Entity" shall be defined in accordance with 45 C.F.R. § 160.103 and is a health care clearinghouse, health plan, or health care provider that transmits health information in electronic form in connection with a transaction for which the U.S. Department of Health and Human Services has adopted standards.

4

12.　　"Data Breach" shall mean the data theft from MIE's and NMC's computer system occurring in or about May 2015.

13.　　"Electronic Protected Health Information" or "ePHI" shall be defined in accordance with 45 C.F.R. § 160.103.

14.　　"Generic account" shall be defined as an account assigned for a specific role that can be used by unidentified persons or multiple persons.  Generic account shall not include service accounts.

15.　　"Minimum Necessary Standard" shall refer to the requirements of the Privacy Rule that, when using or disclosing Protected Health Information or when requesting Protected Health Information from another Covered Entity or Business Associate, a Covered Entity or Business Associate must make reasonable efforts to limit Protected Health Information to the minimum necessary to accomplish the intended purpose of the use, disclosure, or request as defined in 45 C.F.R. § 164.502(b) and § 164.514(d).

16.　　 "Privacy Rule" shall refer to the HIPAA Regulations that establish national standards to safeguard individuals' medical records and other Protected Health Information, including ePHI, that is created, received, used, or maintained by a Covered Entity or Business Associate that performs certain services on behalf of the Covered Entity, specifically 45 C.F.R. Part 160 and 45 C.F.R. Part 164, Subparts A and E.

17.　　"Protected Health Information" or "PHI" shall be defined in accordance with 45 C.F.R. § 160.103.

18.　　"Security Incident" shall be synonymous with "Intrusion" and shall be defined as the attempted or successful unauthorized access, use, disclosure, modification, or destruction of

information or interference with system operations in an information system in accordance with 45 C.F.R. § 164.304.

19.    "Security Rule" shall refer to the HIPAA Regulations that establish national standards to safeguard individuals' Electronic Protected Health Information that is created, received, used, or maintained by a Covered Entity or Business Associate that performs certain services on behalf of the Covered Entity, specifically 45 C.F.R. Part 160 and 45 C.F.R. Part 164, Subparts A and C.

20.    "Technical Safeguards" shall be defined in accordance with 45 C.F.R. § 164.304 and means the technology and the policy and procedures for its use that protect Electronic Protected Health Information and control access to it.

## VI.    FACTUAL BACKGROUND

21.    MIE is a third-party provider that licenses a web-based electronic health record application, known as WebChart, to healthcare providers.  NMC provides or has provided patient portal and personal health records services to healthcare providers that enable patients to access and manage their electronic health records.

22.    At all relevant times, MIE and NMC were Business Associates within the meaning of HIPAA.

23.    As Business Associates, Defendants are required to comply with HIPAA's requirements governing the privacy and security of individually identifiable health information, as set forth in the Privacy and Security Rules.

24.    Plaintiffs' investigation determined that Defendants, as described in the Complaint, engaged in multiple violations of the Relevant Laws and the regulations promulgated thereunder. Plaintiffs and Defendants have agreed to the Court's entry of this Final Consent

6

Judgment and Order without trial or adjudication of any issue of fact or law, and without

admission of any facts alleged or liability of any kind.  The Parties have reached an agreement

hereby resolving the issues in dispute without the need for further court action.  As evidenced by

their signatures below, the Parties consent to the entry of this Consent Judgment and without an

admission of liability or wrongdoing with regard to this matter.

25.     Plaintiffs incorporate by reference all the assertions in the Amended Complaint as

if asserted herein.

### VII.   <u>INJUNCTIVE PROVISIONS</u>

WHEREFORE, TO PROTECT CONSUMERS AND ENSURE FUTURE

COMPLIANCE WITH THE LAW:

26.     Defendants shall comply with all Administrative and Technical Safeguards and

implementation specifications required by HIPAA.

27. Defendants shall comply with the States' deceptive trade practices acts in connection

with their collection, maintenance, and safeguarding of consumers' personal and

Protected Health Information, and maintain reasonable security policies and

procedures to protect such information.

28. Defendants shall comply with the States' breach notification acts.

29. Defendants shall comply with the States' PIPAs.

30. Defendants shall not make any representation that has the capacity, tendency, or

effect of deceiving or misleading consumers in connection with the safeguarding of

ePHI.

31. Defendants shall implement and maintain an information security program that shall

be written and shall contain administrative, technical, and physical safeguards

7

appropriate to: (i) the size and complexity of Defendants' operations; (ii) the nature and scope of Defendants' activities; and (iii) the sensitivity of the personal information that Defendants maintain.  It shall be the responsibility of the Privacy Officer or other designated individual to maintain, promulgate, and update the policies and procedures necessary to implement the information security program.

32. Defendants shall not employ the use of generic accounts that can be accessed via the Internet.

33. Defendants shall ensure that no generic account on its information system has administrative privileges.

34. Defendants shall require multi-factor authentication to access any portal they manage in connection with their maintenance of ePHI.

35. Defendants shall implement and maintain a Security Incident and Event Monitoring solution to detect and respond to malicious attacks. The Security Incident and Event Monitoring solution may utilize a suite of different solutions and tools to detect and respond to malicious attacks rather than a single solution.

36. Defendants shall implement and maintain reasonable measures to prevent and detect SQL injection attacks that may impact any ePHI they maintain.

37. Defendants shall implement and maintain reasonable measures with respect to the creation of accounts in systems under the administrative control of Defendants with respect to their own employees with access to ePHI to limit and control their creation and ensure that accounts with access to such ePHI are properly monitored.

Defendants shall implement and maintain a data loss prevention technology to detect and prevent unauthorized data exfiltration.  The data loss prevention technology may

utilize a suite of different solutions and tools to detect and prevent unauthorized data exfiltration.

38. Defendants shall require the use of multi-factor authentication by their employees when remotely accessing their system(s) that store or permit access to ePHI.

39. Defendants shall maintain reasonable policies and procedures to ensure that logs of system activity are regularly and actively reviewed and analyzed in as close to real-time as possible.

40. Defendants shall implement and maintain password policies and procedures related to their employees requiring the use of strong, complex passwords, and ensuring the stored passwords are protected from unauthorized access.

41. Defendants shall educate their clients on strong password policies and promote the use of multi-factor authentication by their clients.  Defendants shall make the use of multi-factor authentication as well as Single Sign On (SSO) functions available to their clients.

42. Defendants shall implement and maintain appropriate policies and procedures to respond to Security Incidents.

43. Defendants shall, at least annually, train relevant employees regarding their information privacy and security policies, and shall document such training.

44. Defendants shall, within ninety (90) days of the Effective Date of this Consent Judgment, and thereafter annually for a period of five (5) additional years, engage an independent third-party professional who uses procedures and standards generally accepted in the profession to conduct a current, comprehensive, and thorough risk analysis of security risks and vulnerabilities to ePHI that they create, receive,

maintain, or transmit, including a review of the actions or deficiencies that are the subject of the Consent Judgment.  A professional qualified to conduct such risk analysis must be: (a) an individual qualified as a Certified Information System Security Professional (CISSP) or as a Certified Information Systems Auditor (CISA); or a similarly qualified person or organization; and (b) have at least five (5) years of experience evaluating the effectiveness of computer systems or information system security.  Defendants may utilize an independent third-party vendor with which they already have a contractual relationship to conduct the risk analysis, so long as the contract between the parties provides that the person or persons performing the analysis on behalf of the independent third-party vendor are qualified as a CISSP or CISA.  The independent third-party professional conducting the risk analysis shall prepare a formal report ("Security Report") including its findings and recommendations, a copy of which shall be provided to the Indiana Attorney General no later than one hundred eighty (180) days after the Effective Date of this Consent Judgment, which the Indiana Attorney General may share with the States pursuant to paragraph 56.   Each year thereafter, a copy of the Security Report shall be provided to the Indiana Attorney General within thirty (30) days of the anniversary of the completion of the first Security Report, until the expiration of the five (5) year period.

45. Within ninety (90) days of their receipt of each Security Report, Defendants shall review and, to the extent necessary, revise their current policies and procedures based on the findings of the Security Report.  Within one hundred eighty (180) days of Defendants' receipt of each Security Report, Defendants shall forward to the Indiana Attorney General a description of any action they take and, if no action is taken, a

detailed description why no action is necessary, in response to each Security Report. The document submitted to the Indiana Attorney General in response to each Security Report shall be titled "MIE Security Action Report," a copy of which may be shared with the States pursuant to paragraph 56.

46. Each Defendant shall designate a Privacy Officer or other official to ensure compliance with this Consent Judgment. The efforts of the Privacy Officer or other designated official in this regard shall be documented in the MIE Security Action Report that is submitted to the Indiana Attorney General and may be shared with the States pursuant to paragraph 56.

## VIII.   PAYMENT TO THE STATES

47. Defendant shall make payment to the States in the sum total of Nine Hundred Thousand ($900,000.00) dollars, to be paid in three equal installments.

    a.   The first installment shall be remitted on July 1, 2019;

    b.   The second installment shall be remitted on July 1, 2020; and

    c.   The third installment shall be remitted on July 1, 2021.

48. The money received by the Attorneys General pursuant to this settlement may be used for purposes that may include, but are not limited to, attorneys' fees, and other costs of investigation and litigation, or be placed in, or applied to, any consumer protection law enforcement fund, including future consumer protection or privacy enforcement, consumer education, litigation or local consumer aid fund or revolving fund, used to defray the costs of the inquiry leading hereto, or for other uses permitted by state law, at the sole discretion of the Attorneys General, where applicable, or any purpose allowable under state law.

a.  The amount payable to the Commonwealth of Kentucky pursuant to paragraph 47 includes Eight Thousand Ninety ($8,090.00) dollars for the recovery of the of the Kentucky Attorney General's reasonable costs of investigation and litigation.  This amount is not in addition to, but is part of the amount payable to the Commonwealth of Kentucky.  KRS 48.005(4).

## IX.   <u>RELEASE</u>

49. Following full payment of the amounts due by Defendants under this Consent Judgment, Plaintiffs shall release and discharge Defendants from all civil claims that the States could have brought under the Relevant Laws, based on Defendants' conduct as set forth in the Amended Complaint.  Nothing contained in this paragraph shall be construed to limit the ability of the States to enforce the obligations that Defendants or their officers, subsidiaries, affiliates, agents, representatives, employees, successors, and assigns have under this Consent Judgment.  Further, nothing in the Consent Judgment shall be construed to create, waive, or limit any private right of action[1].

50. Notwithstanding any term of this Consent Judgment, any and all of the following forms of liability are specifically reserved and excluded from the release in paragraph 49 as to any entity or person, including Defendants:

---

[1] Consistent with this paragraph, Defendants and the Attorney General of Minnesota agree that as to Minnesota, the Attorney General of Minnesota through this Consent Judgment and Order does not settle, release, or resolve any claim against Defendants or any other person or entity involving any private causes of action, private claims, and private remedies including, but not limited to, private causes of action, private claims, or private remedies provided for under Minn. Stat. § 8.31.

a.    Any criminal liability that any person or entity, including Defendants, has or may have to the States.

b.    Any civil liability or administrative liability that any person or entity, including Defendants, has or may have to the States under any statute, regulation, or rule not expressly covered by the release in paragraph 25 above, including but not limited to, any and all of the following claims: (i) State or federal antitrust violations; (ii) State or federal securities violations; (iii) State insurance law violations; or (iv) State or federal tax claims.

## X.    **CONSEQUENCES OF NONCOMPLIANCE**

51. Defendants represent that they have fully read this Consent Judgment and understand the legal consequences attendant to entering into this Consent Judgment.  Defendants understand that any violation of this Consent Judgment may result in any signatory Attorney General seeking all available relief to enforce this Consent Judgment, including an injunction, civil penalties, court and investigative costs, attorneys' fees, restitution, and any other relief provided by the laws of the State or authorized by a court.  If any Plaintiff is required to file a petition to enforce any provision of this Judgment against one or more Defendants, the particular Defendant(s) involved in such petition agrees to pay all court costs and reasonable attorneys' fees associated with any successful petition to enforce any provision of this Judgment against such Defendant(s).

## XI.    **GENERAL PROVISIONS**

52. Any failure of Plaintiffs to exercise any of their rights under this Consent Judgment shall not constitute a waiver of their rights hereunder.

53.  Defendants hereby acknowledge that their undersigned representative or representatives are authorized to enter into and execute this Consent Judgment. Defendants are and have been represented by legal counsel and have been advised by their legal counsel of the meaning and legal effect of this Consent Judgment.

54. This Consent Judgment shall bind Defendants and their officers, subsidiaries, affiliates, agents, representatives, employees, successors, future purchasers, acquiring parties, and assigns.

55. Defendants shall deliver a copy of this Consent Judgment to, or otherwise fully apprise, their executive management having decision-making authority with respect to the subject matter of this Consent Judgment within thirty (30) days of the Effective Date.

56. Defendants assert that the Security Report and the MIE Security Action Report required under this Consent Judgment contain confidential commercial information, confidential financial information, and/or trade secrets, and the States who receive the Security Report or MIE Security Action Report, whether from Defendants or another Attorney General, shall, to the extent permitted under the laws of the States, treat each report as confidential and exempt from disclosure under their respective public records laws.

57. The settlement negotiations resulting in this Consent Judgment have been undertaken by Defendants and the States in good faith and for settlement purposes only, and no evidence of negotiations or communications underlying this Consent Judgment shall be offered or received in evidence in any action or proceeding for any purpose.

58. Defendants waive notice and service of process for any necessary filing relating to this Consent Judgment, and the Court retains jurisdiction over this Consent Judgment and the Parties hereto for the purpose of enforcing and modifying this Consent Judgment and for the purpose of granting such additional relief as may be necessary and appropriate.  No modification of the terms of this Consent Judgment shall be valid or binding unless made in writing, signed by the Parties, and approved by the Court in which the Consent Judgment is filed, and then only to the extent specifically set forth in such Court's Order.  The Parties may agree in writing, through counsel, to an extension of any time period specified in this Consent Judgment without a court order.

59. Defendants do not object to ex parte submission and presentation of this Consent Judgment by the Plaintiff to the Court, and do not object to the Court's approval of this Consent Judgment and entry of this Consent Judgment by the clerk of the Court.

60. The Parties agree that this Consent Judgment does not constitute an approval by Plaintiffs of any of Defendants' past or future practices, and Defendants shall not make any representation to the contrary.

61. The requirements of the Consent Judgment are in addition to, and not in lieu of, any other requirements of state or federal law.  Nothing in this Order shall be construed as relieving Defendants of the obligation to comply with all local, state, and federal laws, regulations, or rules, nor shall any of the provisions of the Consent Judgment be deemed as permission for Defendants to engage in any acts or practices prohibited by such laws, regulations, or rules.

62. This Consent Judgment shall not create a waiver or limit Defendants' legal rights, remedies, or defenses in any other action by any of the Plaintiffs, except an action to enforce the terms of this Consent Judgment or to demonstrate that Defendants were on notice as to the allegations contained herein.

63. This Consent Judgment shall not waive Defendants' right to defend themselves, or make argument in, any other matter, claim, or suit, including, but not limited to, any investigation or litigation relating to the subject matter or terms of the Consent Judgment, except with regard to an action by any of the Plaintiffs to enforce the terms of this Consent Judgment.

64. This Consent Judgment shall not waive, release, or otherwise affect any claims, defenses, or position that Defendants may have in connection with any investigations, claims, or other matters not released in this Consent Judgment.

65. Defendants shall not participate directly or indirectly in any activity to form or proceed as a separate entity or corporation for the purpose of engaging in acts prohibited in this Consent Judgment or for any other purpose which would otherwise circumvent any part of this Consent Judgment.

66. If any clause, provision, or section of this Consent Judgment shall, for any reason, be held illegal, invalid, or unenforceable, such illegality, invalidity, or unenforceability shall not affect any other clause, provision, or section of this Consent Judgment and this Consent Judgment shall be construed and enforced as if such illegal, invalid, or unenforceable clause, section, or other provision had not been contained herein.

67. Unless otherwise prohibited by law, any signatures by the Parties required for entry of this Consent Judgment may be executed in counterparts, each of which shall be

deemed an original, but all of which shall be considered one and the same Consent Judgment.

68. To the extent that there are any, Defendants agree to pay all court costs associated with the filing of this Consent Judgment.

## XII.   NOTICES UNDER THIS CONSENT JUDGMENT

69. Any notices or other documents required to be sent to the Parties pursuant to the Consent Judgment shall be sent by United States Mail, Certified Return Receipt Requested, or other nationally recognized courier service that provides tracking services and identification of the person signing for the documents.  The notices and/or documents required to be submitted to:

Douglas S. Swetnam (IN State Bar #15860-49)
Section Chief – Data Privacy & ID Theft Unit
Office of Attorney General Curtis Hill Jr.
302 W. Washington St., 5th Floor
Indianapolis, IN 46204
Email: douglas.swetnam@atg.in.gov
Telephone: (317) 232-6294

Michael A. Eades (IN State Bar #31015-49)
Deputy Attorney General
Office of Attorney General Curtis Hill, Jr.
302 W. Washington St., 5th Floor
Indianapolis, IN 46204
Email: Michael.Eades@atg.in.gov
Telephone: (317) 234-6681

John C. Gray (Pro Hac Vice)
Assistant Attorney General
Office of Attorney General Mark Brnovich
2005 N. Central Ave.
Phoenix, AZ 85004
Email: John.Gray@azag.gov
Telephone: (602) 542-7753
Attorney for Plaintiff State of Arizona

17

Peggy Johnson (Pro Hac Vice)
Assistant Attorney General
Office of Attorney General Leslie Rutledge
323 Center St., Suite 200
Little Rock, AR 72201
Email: peggy.johnson@arkansasag.gov
Telephone: (501) 682-8062
Attorney for Plaintiff State of Arkansas


Michele Lucan (Pro Hac Vice)
Assistant Attorney General
Office of Attorney General William Tong
110 Sherman Street
Hartford, CT  06105
Email: michele.lucan@ct.gov
Telephone: (860) 808-5440
Attorney for Plaintiff State of Connecticut

Patrice Malloy
Bureau Chief, Multistate and Privacy Bureau
Florida Office of the Attorney General
110 SE 6th Street
Fort Lauderdale, FL 33301
(954) 712-4669
Patrice.Malloy@myfloridalegal.com

Diane Oates (Pro Hac Vice)
Assistant Attorney General
Florida Office of the Attorney General
110 Southeast 6th Street
Fort Lauderdale, FL 33301
Email: Diane.Oates@myfloridalegal.com
Telephone: (954) 712-4603
Attorney for Plaintiff State of Florida

William Pearson (Pro Hac Vice)
Assistant Attorney General
Office of Attorney General Tom Miller
1305 E. Walnut, 2nd Floor
Des Moines, IA 50319
Email: William.Pearson@ag.iowa.gov
Telephone: (515) 281-3731
Attorney for Plaintiff State of Iowa

Sarah Dietz (Pro Hac Vice)

18

Assistant Attorney General
Office of Attorney General Derek Schmidt
120 S.W. 10th Ave., 2nd Floor
Topeka, KS 66612
Email: sarah.dietz@ag.ks.gov
Telephone: (785) 368-6204
Attorney for Plaintiff State of Kansas

Kevin R. Winstead (Pro Hac Vice)
Assistant Attorney General
Office of Attorney General Andy Beshear
1024 Capital Center Drive
Frankfort, KY 40601
Email: Kevin.Winstead@ky.gov
Telephone: (502) 696-5389
Attorney for Plaintiff Commonwealth of Kentucky

Alberto A. De Puy (Pro Hac Vice)
Assistant Attorney General
Office of Attorney General Jeff Landry
1885 N. Third St.
Baton Rouge, LA 70802
Email: DePuyA@ag.louisiana.gov
Telephone: (225) 326-6471

L. Christopher Styron (Pro Hac Vice)
Assistant Attorney General
Office of Attorney General Jeff Landry
1885 N. Third St.
Baton Rouge, LA 70802
Email: styronl@ag.louisiana.gov
Telephone: (225) 326-6400
Attorneys for Plaintiff State of Louisiana

Kathy Fitzgerald (Pro Hac Vice)
Assistant Attorney General
Department of Attorney General Dana Nessel
Corporate Oversight Division
525 W. Ottawa St., 5th Floor
Lansing, MI  48933
Email: fitzgeraldk@michigan.gov
Telephone: (517) 335-7632
Attorney for Plaintiff State of Michigan

Jason T. Pleggenkuhle (Pro Hac Vice)
Assistant Attorney General

19

Office of Attorney General Lori Swanson
Bremer Tower, Suite 1200
445 Minnesota St.
St. Paul, MN 55101-2130
Email: jason.pleggenkuhle@ag.state.mn.us
Telephone: (651) 757-1147
Attorney for Plaintiff State of Minnesota

Daniel J. Birdsall (Pro Hac Vice)
Assistant Attorneys General
Office of Attorney General Doug Peterson
2115 State Capitol
PO Box 98920
Lincoln, NE 68509
Email: dan.birdsall@nebraska.gov
Telephone: (402) 471-1279
Attorney for Plaintiff State of Nebraska

Kimberley A. D'Arruda (Pro Hac Vice)
Special Deputy Attorney General
North Carolina Department of Justice
Office of Attorney General Joshua H. Stein
P.O. Box 629
Raleigh, NC  27602-0629
Email: kdarruda@ncdoj.gov
Telephone: (919) 716-6013
Attorney for Plaintiff State of North Carolina

Ann Mikkelsen (Pro Hac Vice)
Assistant Attorney General
Office of the Attorney General and Reporter Herbert H. Slatery III
P.O. Box 20207
Nashville, TN  37202-0207
Email: Ann.Mikkelsen@atg.tn.gov
Telephone: (615) 253-3819
Attorney for Plaintiff State of Tennessee

Tanya L. Godfrey (Pro Hac Vice)
Assistant Attorney General
Office of the West Virginia Attorney General Patrick Morrisey
269 Aikens Center
Martinsburg, WV  25404
Email: tanya.l.godfrey@wvago.gov
Telephone: (304) 267-0239
Attorney for Plaintiff State of West Virginia

20

Lara Sutherlin (Pro Hac Vice)
Wisconsin Department of Justice
Office of Attorney General Brad Schimel
17 W. Main St., P.O. Box 7857
Madison, WI 53707-7857
Email: sutherlinla@doj.state.wi.us
Telephone: (608) 267-7163
Attorney for Plaintiff State of Wisconsin


For Medical Informatics Engineering, Inc. and NoMoreClipboard, LLC:

Claudia D. McCarron
Mullen Coughlin LLC
1275 Drummers Lane, Suite 302
Wayne, PA 19087
Email: cmccarron@mullen.law
Telephone: (267) 930-4787


       IT IS SO ORDERED, ADJUDGED AND DECREED, on the 28th day of May, 2019.



                 /s/ Robert L. Miller, Jr.
                Hon. Robert L. Miller, Jr.

**Distribution:**

Claudia D. McCarron
Mullen Coughlin LLC
1275 Drummers Lane, Suite 302
Wayne, PA 19087
Email: cmccarron@mullen.law
Telephone: (267) 930-4787

Douglas S. Swetnam (IN State Bar #15860-49)
Section Chief – Data Privacy & ID Theft Unit
Office of Attorney General Curtis Hill Jr.
302 W. Washington St., 5th Floor
Indianapolis, IN 46204
Email: douglas.swetnam@atg.in.gov
Telephone: (317) 232-6294

Michael A. Eades (IN State Bar #31015-49)
Deputy Attorney General
Office of Attorney General Curtis Hill, Jr.
302 W. Washington St., 5th Floor
Indianapolis, IN 46204
Email: Michael.Eades@atg.in.gov
Telephone: (317) 234-6681

John C. Gray (Pro Hac Vice)
Assistant Attorney General
Office of Attorney General Mark Brnovich
2005 N. Central Ave.
Phoenix, AZ 85004
Email: John.Gray@azag.gov
Telephone: (602) 542-7753
Attorney for Plaintiff State of Arizona

Peggy Johnson (Pro Hac Vice)
Assistant Attorney General
Office of Attorney General Leslie Rutledge
323 Center St., Suite 200
Little Rock, AR 72201
Email: peggy.johnson@arkansasag.gov
Telephone: (501) 682-8062
Attorney for Plaintiff State of Arkansas

Michele Lucan (Pro Hac Vice)
Assistant Attorney General
Office of Attorney General William Tong
55 Elm St., P.O. Box 120
Hartford, CT  06141-0120
Email: michele.lucan@ct.gov
Telephone: (860) 808-5020
Attorney for Plaintiff State of Connecticut

Patrice Malloy
Bureau Chief, Multistate and Privacy Bureau
Florida Office of the Attorney General
110 SE 6th Street
Fort Lauderdale, FL 33301
(954) 712-4669
Patrice.Malloy@myfloridalegal.com

Diane Oates (Pro Hac Vice)
Assistant Attorney General
Florida Office of the Attorney General
110 Southeast 6th Street
Fort Lauderdale, FL 33301
Email: Diane.Oates@myfloridalegal.com
Telephone: (954) 712-4603
Attorneys for Plaintiff State of Florida

William Pearson (Pro Hac Vice)
Assistant Attorney General
Office of Attorney General Tom Miller
1305 E. Walnut, 2nd Floor
Des Moines, IA 50319
Email: William.Pearson@ag.iowa.gov
Telephone: (515) 281-3731
Attorney for Plaintiff State of Iowa

Sarah Dietz (Pro Hac Vice)
Assistant Attorney General
Office of Attorney General Derek Schmidt
120 S.W. 10th Ave., 2nd Floor
Topeka, KS 66612
Email: sarah.dietz@ag.ks.gov
Telephone: (785) 368-6204
Attorney for Plaintiff State of Kansas

Kevin R. Winstead (Pro Hac Vice)
Assistant Attorney General
Office of Attorney General Andy Beshear
1024 Capital Center Drive
Frankfort, KY 40601
Email: Kevin.Winstead@ky.gov
Telephone: (502) 696-5389
Attorney for Plaintiff Commonwealth of Kentucky

Alberto A. De Puy (Pro Hac Vice)
Assistant Attorney General
Office of Attorney General Jeff Landry
1885 N. Third St.
Baton Rouge, LA 70802
Email: DePuyA@ag.louisiana.gov
Telephone: (225) 326-6471

L. Christopher Styron (Pro Hac Vice)
Assistant Attorney General
Office of Attorney General Jeff Landry
1885 N. Third St.
Baton Rouge, LA 70802
Email: styronl@ag.louisiana.gov
Telephone: (225) 326-6400
Attorneys for Plaintiff State of Louisiana

Kathy Fitzgerald (Pro Hac Vice)
Assistant Attorney General
Department of Attorney General Dana Nessel
Corporate Oversight Division
525 W. Ottawa St., 5th Floor
Lansing, MI  48933
Email: fitzgeraldk@michigan.gov
Telephone: (517) 335-7632
Attorney for Plaintiff State of Michigan


Jason T. Pleggenkuhle (Pro Hac Vice)
Assistant Attorney General
Office of Attorney General Keith Ellison
Bremer Tower, Suite 1200
445 Minnesota St.
St. Paul, MN 55101-2130
Email: jason.pleggenkuhle@ag.state.mn.us
Telephone: (651) 757-1147
Attorney for Plaintiff State of Minnesota

24

Daniel J. Birdsall (Pro Hac Vice)
Assistant Attorneys General
Office of Attorney General Doug Peterson
2115 State Capitol
PO Box 98920
Lincoln, NE 68509
Email: dan.birdsall@nebraska.gov
Telephone: (402) 471-1279
Attorney for Plaintiff State of Nebraska

Kimberley A. D'Arruda (Pro Hac Vice)
Special Deputy Attorney General
North Carolina Department of Justice
Office of Attorney General Joshua H. Stein
P.O. Box 629
Raleigh, NC  27602-0629
Email: kdarruda@ncdoj.gov
Telephone: (919) 716-6013
Attorney for Plaintiff State of North Carolina

Ann Mikkelsen (Pro Hac Vice)
Assistant Attorney General
Office of the Attorney General Herbert Slattery III
P.O. Box 20207
Nashville, TN  37202
Email: Ann.Mikkelsen@ag.tn.gov
Telephone: (615) 253-3819
Attorney for Plaintiff State of Tennessee

Tanya L. Godfrey (Pro Hac Vice)
Assistant Attorney General
Office of Attorney General Patrick Morrisey
P.O. Box 1789
Charleston, WV  25326
Email: tanya.l.godfrey@wvago.gov
Telephone: (304) 558-8986
Attorney for Plaintiff State of West Virginia

Lara Sutherlin (Pro Hac Vice)
Wisconsin Department of Justice
Office of Attorney General Josh Kaul
17 W. Main St., P.O. Box 7857
Madison, WI 53707-7857
Email: sutherlinla@doj.state.wi.us
Telephone: (608) 267-7163
Attorney for Plaintiff State of Wisconsin

25